IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDREA MORROW,<br><br>   Plaintiff,<br> v.<br><br>DOJ,<br><br>   Defendant. | Case No.: 3:24-cv-01459-AN<br><br><br>OPINION AND ORDER |

   Self-represented plaintiff Andrea Morrow initially brought this action against Judge Jeff Armistead. Morrow subsequently filed a first amended complaint removing Judge Armistead and naming the United States Department of Justice as the sole defendant. Morrow seeks to proceed *in forma pauperis*. For the reasons stated below, plaintiff must file a second amended complaint addressing the deficiencies described below to avoid dismissal of her lawsuit.

## LEGAL STANDARD

   When a complaint is filed by a plaintiff proceeding *in forma pauperis*, the court must dismiss the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or if the defendant is immune to monetary relief. 28 U.S.C. § 1915(e)(2). The standard used under 28 U.S.C. § 191(e)(2) for failure to state a claim is the same as the Federal Rule of Procedure ("FRCP") 12(b)(6) standard. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

   To survive a FRCP 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted). Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

In ruling on an FRCP (12)(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). A court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (citation omitted).

The court must construe pleadings by *pro se* plaintiffs liberally and must give them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "'absolutely clear'" that the deficiencies could not be cured by amendment. *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**BACKGROUND**

Plaintiff has filed numerous complaints in the District of Oregon, Ninth Circuit Court of Appeals, and Circuit Court of Clackamas County. At the beginning of the year, plaintiff initiated *Morrow v. Genius Fund et al*, No. 3:24-cv-00039-SB, in the District of Oregon. That action was dismissed, and Morrow appealed to the Ninth Circuit. The appeal was assigned docket number 24-2306. Morrow then filed *Morrow v. Barlogio*, No. 3:24-cv-01156-AR; *Morrow v. Trellix*, No. 3:24-cv-01157-AR; and *Morrow v. Navex*, No. 3:24-cv-01171-AR, which were all dismissed. Morrow has two pending actions in Clackamas County Circuit Court, case numbers 24SC23374 and 24SC23245, against Instagram, LLC.

Plaintiff has one other pending action in this district: *Morrow v. McMan*, 3:24-cv-01158-AR, which was assigned to Judge Jeff Armistead. After performing his initial screening of the complaint, as is required by law, Judge Armistead determined that plaintiff's initial complaint, as drafted, did not

provide enough factual detail to show that defendant engaged in actions that were not entitled to absolute immunity. *McMan*, No. 3:24-cv-01158-AR, ECF [5]. Judge Armistead ordered plaintiff to file an amended complaint that provided the necessary factual allegations. *Id.* Plaintiff then filed a motion for reconsideration of the order, which Judge Armistead granted in part and denied in part. *McMan*, No. 3:24-cv-01158-AR, ECF [9]. Judge Armistead explained in greater detail the deficiencies identified in the complaint and gave plaintiff a deadline of October 19, 2024, to file an amended complaint. *Id.* As of the date of this order, plaintiff has not filed an amended complaint.

Plaintiff then brought this action. The initial complaint named Judge Armistead as defendant. Compl., ECF [2]. Plaintiff alleged that Judge Armistead and Lindsey McMan, an operations manager at the Ninth Circuit and defendant in plaintiff's other pending case, "erased" her appeal. *Id.* at 2. Plaintiff attached as an exhibit her intended opening brief in her appeal. She sought $150 million in damages from Judge Armistead and requested that another judge be appointed in her pending district court case. *Id.* at 3-4. The complaint also describes generally a surveillance and stalking scheme against plaintiff.

Plaintiff filed an amended complaint in this case that replaced Judge Armistead as defendant with the "DOJ," which the Court understands to mean the United States Department of Justice. Compl. – Rewrite ("Am. Compl."), ECF [4]. Plaintiff's allegations are difficult to follow. The amended complaint generally describes a complex scheme to surveil plaintiff, in part, by "hacking" into her social media accounts, and a scheme to falsely diagnose plaintiff and treat her for schizoaffective and bipolar disorder against her will. It is not clear from the complaint who is alleged to have taken part in these schemes, but plaintiff discusses various persons and entities including Judge Armistead, McMan, employees of the Genius Fund, the DOJ, the Federal Bureau of Investigation ("FBI"), Clackamas County, plaintiff's court-appointed attorney in a Clackamas County Circuit Court matter, LinkedIn, and Oregon Governor Tina Kotek.

Certain allegations relate to the named defendant, the DOJ. Plaintiff alleges that she applied for crime victim compensation from the DOJ but did not receive it. *Id.* at 3, 5, 20. She also

3

alleges that she provided the DOJ with information related to crimes against her but they could not "find a crime." *Id.* at 4. As a result, she states that "[t]he DOJ has directly put my life in danger, not to mention all of the other countless innocent lives this is happening to and it is all being done while you are using my accounts and my internet." *Id.* at 7.

Several portions of the amended complaint relate to attempts by plaintiff to involve DOJ in her legal matter in Clackamas County. Plaintiff alleges that she contacted the DOJ on May 27, 2024, to ask for help "with what was happening with the state appointed attorney, the DA, the office mate of Sarah (the state appointed attorney), the prosecutor and Spencer Johnson," but instead of helping, the DOJ "used the goons in Clackamas County over a period of nine months time to take it upon themselves to rewrite my entire lawsuit directly putting my life in danger." *Id.* at 5-6. She states that the DOJ "allowed these yahoo's in Clackamas County to not only stall what was happening, but violate my privacy rights," and that "[t]he DOJ has directly put my life in danger because the DOJ allowed what happened with Clackamas County to take place." *Id.* at 9.

Certain allegations are not attributed to any person or entity or are attributed to government entities other than the DOJ. Plaintiff alleges that a response to her FOIA request is being withheld, but does not state with which agency she filed the request. *Id.* at 10-11. She states that the FBI engaged in medical malpractice and that persons intentionally placed a false, "preplanned medical diagnosis on [her] medical records and the department of justice was aware of all this while it was happening." *Id.* at 13, 16. Although plaintiff did not name Clackamas County as a defendant, she threatens to sue it for giving her a "fake trial" and tampering with her cases. *Id.* at 18. She requests $600,000.00 in compensation for lost wages, plus other damages totaling $6,700,000.00. *Id.* at 20-21.

## DISCUSSION

### A.  Sovereign Immunity

The United States is immune from suit unless it waives sovereign immunity. *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011). The doctrine of sovereign immunity extends to

federal agencies, including the Department of Justice, and federal employees acting in their official capacities. *Balser v. Dep't of Just.*, 327 F.3d 903, 907 (9th Cir. 2003). The court lacks jurisdiction over the United States if it does not consent to be sued. *Id.*

The amended complaint names the DOJ as a defendant, which the Court construes as an action against the United States because the DOJ is an agency of the United States. Plaintiff does not plead that the United States has waived sovereign immunity by, for example, demonstrating that a particular statute functions as a waiver of immunity. To state a claim for relief that is plausible on its face, plaintiff must show that the Court has jurisdiction to hear the claim by demonstrating that the United States has waived immunity.

**B.      Sufficiency of the Complaint**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations in plaintiff's amended complaint are lengthy, conclusory, and confusing. It is not always clear which entities or persons are alleged to have injured plaintiff by participating in the alleged stalking and surveillance scheme or the scheme to document and treat a false mental health diagnosis. Plaintiff fails to identify any statute or constitutional provision under which she seeks to hold the DOJ liable. The Court construes plaintiff's claims against the DOJ to involve failing to investigate and prosecute purported criminal activity and failing to pay her crime victim compensation. Plaintiff's claims that DOJ's failure to investigate endangered her, and her claim that she is owed crime victim compensation, are conclusory and lack specific factual allegations supporting them. And regardless of the factual allegations, plaintiff must plead something more than a failure to investigate or prosecute a crime. A plaintiff lacks standing to challenge a decision not to prosecute a crime "when he himself is neither prosecuted nor threatened with prosecution," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and an inadequate investigation is not sufficient to state a civil rights claim unless another constitutional right was involved, *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). As currently pleaded, the amended complaint does not provide a short and plain statement of a claim of relief that is plausible on its face that the DOJ is liable to plaintiff for any alleged

5

conduct.

Should plaintiff choose to file a second amended complaint, she must identify the specific causes of action she asserts against the DOJ, supported by specific factual allegations, as described above. Throughout the amended complaint, plaintiff refers to filings in other cases and to documents that are not attached to the complaint. In her second amended complaint, plaintiff should provide a short statement of all relevant facts in the complaint itself, rather than incorporating by reference filings in other cases, and should attach any necessary exhibits.

Throughout the initial complaint, plaintiff requests a new judge in *McMan*. By filing a new complaint, plaintiff initiated a new case, separate from those previously filed. If she wishes to move for a new judge in one of her other cases, she must file a motion in that case. Plaintiff also appears to use her amended complaint to respond to an order in *McMan*. Plaintiff is reminded that any response to that order must be filed in that case.

## CONCLUSION

For the foregoing reasons, plaintiff is directed to amend her complaint to sufficiently state a claim for relief by November 20, 2024. Failure to do so will result in dismissal of this case. The Court DEFERS ruling on plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF [1].

IT IS SO ORDERED.

DATED this 23rd day of October, 2024.

_____
Adrienne Nelson
United States District Judge